In re Catherine HEINEMAN, Debtor.

SOUTHERN DISCOUNT CO., Plaintiff,

v.

Catherine HEINEMAN, Defendant.

Bankruptcy No. 80–01664–BKC–TCB.
Adv. No. 81–0018–BKC–TCB–A.

United States Bankruptcy Court,
S. D. Florida.

Feb. 4, 1981.

**14**

Elliott Miller, Miami, for debtor.

Martin L. Hoffman, Fort Lauderdale, Fla., for plaintiff.

## ORDER OF REMAND

THOMAS C. BRITTON, Bankruptcy Judge.

A secured creditor, Southern Discount Company, has removed to this court a replevin action pending in a State court under the provisions of 28 U.S.C. § 1478 and Interim Rule 7004. Removal required the approval of this court. A hearing was held on the application of January 16.

No useful purpose would be served by the removal of this action under any foreseeable possibility. For the reasons stated on the record at the hearing, the State court proceeding is remanded.

■ The creditor's purpose was to avoid the necessity of an adversary proceeding to modify the automatic stay. That procedure required by B.R. 701, affords notice and an opportunity to both the debtor and the trustee to be heard on the issue whether the automatic stay should be modified. A removal proceeding gives no notice to the interested parties that the modification of the stay will be considered. For that reason, I conclude that a removal hearing is no substitute for an adversary proceeding to modify the stay.

That being so, no purpose whatsoever is served by removal in this instance.

■ The debtor, who was obliged to pay $60 filing fee for removal, now requests that he be allowed to amend to seek a stay or that the filing fee be waived for an adversary complaint to modify the stay. This court is not given the discretion to do either.

The creditor's replevin action is remanded to the State court and remains enjoined by the automatic stay.